# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

WUILMER F.B.,

        Petitioner,

v.

PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, IMMIGRATION AND CUSTOMS ENFORCEMENT, SIRCE OWEN, Acting Director for Executive Office of Immigration Review, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, SAM OLSON, Director, St. Paul Field Office Immigration and Customs Enforcement, ERIC TOLLEFSON, Sheriff of Kandiyohi County,

        Respondents.

Case No. 25-CV-3236 (NEB/JFD)

ORDER ACCEPTING REPORT AND RECOMMENDATION AND ORDER ON WRIT FOR PETITION OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Wuilmer F.B.'s Amended Petition for a Writ of Habeas Corpus (ECF No. 24 ("Am. Pet.").) Wuilmer F.B. was in Immigration and Customs Enforcement ("ICE") detention when he filed his initial petition, asserting that his detention was governed by 8 U.S.C. Section 1226(a), not 8 U.S.C. Section 1225(b)(2). The Court issued a preliminary injunction and Wuilmer F.B. has since

been released from detention. Wuilmer F.B. now seeks, among other things, declaratory relief declaring that he is not subject to detention under Section 1225(b)(2). Respondents argue that his petition is moot.

In a Report and Recommendation, United States Magistrate Judge John F. Docherty recommends granting Wuilmer F.B.'s amended petition. (ECF No. 35 ("R&R").) Because Respondents object to the R&R, (ECF No. 36 ("Objection")), the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). For the reasons stated below, the Court overrules the objection, accepts the R&R, and grants the amended petition in part.

## BACKGROUND

Wuilmer F.B. is a citizen of Honduras who has lived in the United States since 2018, when he entered the country without inspection. (Am. Pet. ¶¶ 50–51.) ICE took him into custody in early July 2025, holding him under Section 1225(b)(2)(A). (*Id.* ¶¶ 52, 60, 71.) At a custody redetermination hearing on August 7, 2025, an immigration judge ("IJ") found that Wuilmer F.B. was not subject to mandatory custody under Section 1225(b)(2) and that Section 1226(a) governed his detention. (*Id.* ¶¶ 71–73.)

The IJ set a bond amount, which Wuilmer F.B. was prepared to pay, but Respondents did not release him. (Am. Pet. ¶¶ 74.) Instead, Respondents invoked an automatic stay of the IJ's release order pursuant to 8 C.F.R. Section 1003.19(i)(2). (*Id.*)

2

Wuilmer F.B. filed his initial petition on August 12, 2025, when the automatic stay was the basis for his detention. (*See* ECF No. 1.)

The Court held a preliminary injunction hearing on August 18, 2025. (ECF No. 17.) Applying the three-part *Mathews v. Eldridge* test[1] to evaluate whether the automatic stay provision violated Wuilmer F.B.'s procedural due process rights, the Court determined that he was likely to succeed on this claim. (ECF No. 23 ("Tr.") at 30.) As part of that balancing test, the Court reasoned that Wuilmer F.B.'s detention fell under Section 1226(a), not Section 1225(b)(2), because he was a noncitizen who was already present in the United States. (*Id.* at 32.) And Section 1226(a) entitles a detainee to a bond hearing before an IJ at any time. (*Id.* at 31.) Thus, the automatic stay created a substantial risk of erroneous deprivation of Wuilmer F.B.'s interest in being free from arbitrary confinement. (*Id.* at 32–33.) The Court concluded that all three *Mathews* factors supported the claim that the automatic stay violated Wuilmer F.B.'s Fifth Amendment procedural due process rights. (*Id.* at 34.)

---

[1] In *Mathews v. Eldridge*, the Supreme Court laid out three factors to consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards:' and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

In granting the motion for a preliminary injunction, the Court enjoined Respondents "from enforcing the automatic stay provision as to this petitioner during the pendency of the court's consideration of the petition for writ of habeas corpus." (*Id.* at 36.) The Court also ordered Respondents to release Wuilmer F.B. and post bond in accordance with the IJ's ruling. (*Id.*) Wuilmer F.B. was released from custody on August 19, 2025 and remains out of custody. (Am. Pet. ¶ 76.)

About one month later, Wuilmer F.B. filed an amended habeas petition. Respondents ask the Court to deny the amended petition as moot because Wuilmer F.B. is no longer in custody. (ECF No. 25 at 1.) Wuilmer F.B. contends that, should the Court deny the amended petition as moot, the preliminary injunction would end and Respondents could return him to custody. (*Id.* ¶ 78.) Because Respondents have since withdrawn the appeal of the IJ's bond decision, Wuilmer F.B. notified the Court that "[i]t is no longer necessary for the Court to address the automatic stay portion of Petitioner's claim," and instead focus only on whether Section 1225 or Section 1226 governs his detention. (ECF No. 34 ¶¶ 5–6.)

In the R&R, Judge Docherty concludes that Wuilmer F.B.'s amended petition is not moot under the capable-of-repetition-yet-evading-review exception. (R&R at 7–9.) And on the merits, the R&R determines that Wuilmer F.B. is subject to detention under Section 1226, not Section 1225. (*Id.* at 9–10.)

4

## ANALYSIS

### I.    Mootness

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). If an action is moot because it no longer presents a case or controversy, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Id.*, 419 F.3d at 724.

But "a petitioner's release from custody does not automatically render his petition moot." *Estrada-Heredia v. Holder*, No. 12-CV-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "When . . . the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). Put another way, a habeas petition would be moot when even if the Court were to grant "every bit of the relief [petitioner] seeks in his supplemental habeas petition, [he] would find himself in *precisely* the situation in which he already finds himself." *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *1 (D. Minn. July 6, 2016).

For Wuilmer F.B., the threat of re-detention looms. *Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) ("Unless that preliminary injunction was made permanent and was not disturbed on appeal, [petitioner] faced the threat of re-arrest and mandatory detention."). Respondents have not disavowed an attempt to re-detain him under § 1225(b)(2) once the Court's preliminary injunction expires.

Although Wuilmer F.B. no longer has a basis to request injunctive relief—the Court cannot order Respondents to release a petitioner who is already out of detention—his request for prospective declaratory relief persists. (Am. Pet. ¶¶ 189–90.) Granting this relief would offer Wuilmer F.B. some measure of the protection he seeks: "[a] declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*." *Just. Net. Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019).

In issuing the preliminary injunction, the Court concluded only that Wuilmer F.B. had a *likelihood* of success on the merits. (Tr. at 32.) The Court has not yet reached a final disposition as to whether his detention is governed by Section 1225(b)(2) or Section 1226(a). Thus, Wuilmer F.B. has a "legally cognizable interest in the outcome" of his habeas petition. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

## II.    Merits

Wuilmer F.B. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners,

Wuilmer F.B. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). (Am. Pet. ¶¶ 189–90.) Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over eight years ago, Wuilmer F.B. asserts that Section 1226, rather than Section 1225, applies. (Am. Pet. ¶¶ 51, 190.) He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA and its implementing regulations, and the Administrative Procedure Act. (Am. Pet. ¶¶ 188–235.)

The Court has already concluded that petitioners similarly situated to Wuilmer F.B. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Wuilmer F.B. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Besides arguing that the case is moot, Respondents do not otherwise attempt to show cause for why the merits discussion of the R&R is wrong.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Respondents' Objection (ECF No. 36) is OVERRULED;

2.    The Report and Recommendation (ECF No. 35) is ACCEPTED;

3.    Wuilmer F.B.'s Amended Petition for Writ of Habeas Corpus (ECF No. 24) is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

8

       a.       DECLARES that Wuilmer F.B. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

       b.       ENJOINS Respondents from detaining Wuilmer F.B. on the basis of mandatory detention under § 1225(b)(2); and

4.       The remainder of Wuilmer F.B.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 18, 2026          BY THE COURT:

                                    s/Nancy E. Brasel
                                    Nancy E. Brasel
                                    United States District Judge